Jay Edelson
jdelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Christopher L. Dore
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Marc P. Cook
cnklawfirm@aol.com
BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, Nevada 89101
Tel: 702.737.7702

[Additional counsel included in signature block.]

*Attorneys for Plaintiff Beell and the Putative Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: FIRST NATIONAL COLLECTION BUREAU, INC. TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL No. 2527<br><br>Case No. 2:14-CV-557-KJD-CWH<br>(Base File)<br><br>**JOINT DISCOVERY PLAN** |

Plaintiffs Jessica Beell, Claudette Neal, Nanette Hunter, and Dennis Brown ("Plaintiffs") and Defendant First National Collection Bureau, Inc. (collectively the "Parties"), by and through their respective counsel of record, following a June 9, 2014 conference of counsel, hereby submit this Joint Discovery Plan pursuant to Federal Rule of Civil Procedure 26 and District of Nevada Local Rule 26-1.

I. CATEGORIES UNDER FED. R. CIV. P. 26(f)

    A. **Rule 26(a) Disclosures**

The Parties will exchange consolidated Rule 26(a) disclosures no later than July 9, 2014.

    B. **Subjects of Discovery**

The Parties ultimately anticipate needing discovery relating to the calls at issue in this case and including, but not limited to, the equipment, hardware, and software utilized by Defendant and/or its agents, as well as to Defendant's defenses to liability. The Parties also anticipate discovery on issues related to the propriety of class certification in these consolidated cases. In addition to oral and written discovery between the Parties, Plaintiffs anticipate that there will be a need for third-party depositions as well as additional third-party discovery related to the calls at issue in this case (e.g., discovery directed to Defendant's third-party service providers). The Parties also anticipate discovery related to the alleged use of an automatic telephone dialing system ("ATDS"), as defined by the TCPA, 47 U.S.C. § 227, which will likely include expert discovery.

        i. **Bifurcation of Discovery**

**Plaintiffs' Position:** Plaintiffs do not believe that bifurcating discovery between class and merits issues is the most efficient way to proceed with this matter. Plaintiffs' claims and those of the putative class stem from the same common course of conduct—namely, Defendant's (and/or its agents') use of an automatic telephone dialing system(s) ("ATDS") to repeatedly call each of them without first obtaining their consent. Thus, the information needed to establish whether Defendant is actually liable for the alleged conduct will necessarily and significantly overlap with the information necessary to establish that the requisites to class certification have been satisfied in this case. By way of example, while Plaintiffs need to establish that Defendant used an ATDS to ultimately prevail on their claim, they also need to establish that Defendant's use of that ATDS was a standardized practice among class members.

Moreover, such phased discovery presents the real possibility of creating additional disputes between the Parties—e.g., with respect to what information relates to class issues versus merits

1  issues—thus, further delaying the proceedings and perhaps requiring the Court's intervention where
2  it would not otherwise be needed. Discovery has already proceeded in several of the consolidated
3  cases as to both class and merits issues, making the delineation between the two issues all the more
4  difficult. Accordingly, Plaintiffs propose that all discovery (both class and merits) move forward
5  together.

6  **Defendant's Position:** Defendant currently anticipates taking discovery on the following
7  non-exhaustive list of topics: the adequacy of the Class Representative(s) and consent provided by
8  Plaintiffs and any and all other purported Class Representative(s), as well as other members of the
9  putative class.

10  Defendant submits that any discovery to be conducted prior to the filing of any motion for
11  class certification should be limited to certification issues, *e.g.*, the number of class members,
12  existence/non-existence of common questions, typicality of claims, etc., and that "merits" discovery
13  should be deferred until after the Court has ruled on any motion for class certification

14  **C.   Form and Disclosure of Electronically Stored Information**

15  The Parties anticipate that a substantial portion of the discovery in this case may involve
16  electronically stored information ("ESI"). Plaintiffs' counsel and Defendant's counsel have
17  discussed with their respective clients the importance of preserving ESI. The Parties have agreed to
18  engage in further discussions regarding ESI, including the retention, search, and production of ESI,
19  the format of such production, and the costs of such production, as the need arises.

20  **D.   Issues about Claims of Privilege**

21  The Parties intend to agree to a stipulated protective order addressing the protection of
22  confidential and privileged information and will provide that stipulated order to the Court for
23  approval upon finalization.

E. **Changes and Limitations on Discovery**

The Parties agree that discovery should proceed according to the presumptive limits set by the Federal Rules of Civil Procedure. The Parties reserve the right to seek a modification of those limits based on a showing of good cause.

II. **ITEMS REQUIRED UNDER D. NEV. L.R. 26-1(e)**

This consolidated action was recently transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "Panel"). Plaintiffs have yet to file a consolidated class action complaint, and intend to do so pursuant to the schedule proposed below. Additionally, certain of the plaintiffs in the underlying actions have served Defendant with discovery, to which Defendant has not yet responded pursuant to agreements reached prior to transfer and consolidation.

The Parties agree that a change from the default time period in which to complete discovery under Local Rule 26-1(e)(1) is appropriate because each of these consolidated cases was brought as a putative class action, involves multiple parties, and will involve substantial class discovery and merits discovery, including discovery from third-parties. As such, the Parties agreed to stipulate to set new deadlines for discovery, as the deadlines previously established in the underlying actions, prior to transfer and consolidation, are no longer practicable.

To date, Plaintiff Beell has made her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and has served Defendant with a single set of interrogatories, requests for the production of documents, and requests to admit. However, this Court has stayed discovery in the underlying *Beell* matter pending the ruling by the Panel. Plaintiff Neal has also made her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and has also served Defendant with a single set of interrogatories, requests for the production of documents, and requests to admit.

The parties to the *Hunter* case participated in an Early Neutral Evaluation Conference before the Honorable Magistrate Judge Karen S. Crawford on October 2, 2013. On October 28, 2013, the parties conducted their Rule 26(f) Conference, and Plaintiff Hunter made her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on November 12, 2013. Thereafter, the court held a

Case Management Conference on November 22, 2013. To date, no formal discovery has been served in the *Hunter* case.

Plaintiff Brown has made his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and served interrogatories, document requests, and requests for admission on Defendant on October 16, 2013. Defendant provided initial responses on December 6, 2013 and supplemental responses and documents on January 17, 2014. On December 24, 2013, Plaintiff Brown issued a subpoena to TelSwitch, Inc., a primary provider of automated dialing services to Defendant, in Stockton, California. On or about January 20, 2014, after initial objections, TelSwitch produced several thousand pages of documents relating to Defendant and its automated dialing and debt collection practices. In addition, Plaintiff Brown took the deposition of a Rule 30(b)(6) witness designated by Defendant, Mr. Scott Carol, on January 21, 2014.

All Parties anticipate serving additional discovery, as well as third-party subpoenas for depositions and the production of documents. Given the number of Parties, as well as the scope of this litigation, the Parties agree that deviation from the default discovery period is necessary, pursuant to the schedule proposed below:

| EVENT | PLAINTIFF'S PROPOSED DEADLINE | DEFENDANT'S PROPOSED DEADLINE |
|---|---|---|
| *Deadline to Complete Class and Merits Discovery* | April 21, 2015 | November 30, 2014 for class discovery, with merits discovery to be completed 180 days from ruling on Motion for Class Certification |
| *Deadline to File Consolidated Class Action Complaint* | June 30, 2014 ||
| *Deadline to Answer Consolidated Class Action Complaint* | July 21, 2014 ||

| | | |
|---|---|---|
| 1 | *Deadline to Amend Pleadings and Add Parties* | November 14, 2014 |
| 2, 3, 4 | *Plaintiffs' Deadline to Disclose Expert Witnesses Relating to Class Certification* | December 12, 2014 |
| 5, 6 | *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | January 9, 2015 |
| 7, 8 | *Deadline for Completion of Expert Discovery Relating to Class Certification* | February 6, 2015 |
| 9, 10 | *Plaintiffs' Deadline to File Motion for Class Certification* | February 27, 2015 |
| 11, 12 | *Defendant's Deadline to File Opposition to Motion for Class Certification* | March 20, 2015 |
| 13, 14 | *Plaintiffs' Deadline to File Reply in Support of Motion for Class Certification* | April 3, 2015 |
| 15, 16 | *Plaintiffs' Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification |
| 17, 18, 19 | *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification |
| 20, 21 | *Deadline to File Dispositive Motions* | Fourteen (14) weeks following the Court's Order on class certification |
| 22, 23 | *Deadline for Filing Joint Pretrial Order and Fed. R. Civ. P. 26(a)(3) Disclosures* | TBD |
| 24 | *Pretrial Conference* | TBD |
| 25 | *Motion in Limine Hearing Date* | TBD |
| 26 | *Trial to Begin* | TBD |

Dated: June 9, 2014

**Respectfully submitted by:**

*s/ Benjamin H. Richman*
Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Christopher L. Dore
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Marc P. Cook
cnklawfirm@aol.com
BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, Nevada 89101
Tel: 702.737.7702

*Attorneys for Plaintiff Jessica Beell*

**Approved by:**

*s/ Todd M. Friedman*
Joshua Swigart
josh@westcoastlitigation.com
HYDE & SWIGART
2221 Camino del Rio Street, Suite 101
San Diego, California 92108
Tel: 619.233.7770
Fax: 619.297.1022

Matthew M. Loker
ml@kazlg.com
KAZEROUNI LAW GROUP, APC
1075 Court St., Suite 207
San Luis Obispo, California 93401
Tel: 800.400.6808 x5
Fax: 800.520.5523

Sayed Abbas Kazerounian
ak@kazlg.com
KAZEROUNI LAW GROUP, APC

245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Tel: 800.400.6808
Fax: 800.620.5523

Todd M. Friedman
tfriedman@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, PC
369 S. Doheny Dr., Suite 415
Beverly Hills, California 90211
Tel: 877.206.4741
Fax: 866.633.0228

*Attorneys for Plaintiff Claudette Neal*

s/ *Douglas J. Campion*
Ronald A. Marron
ron@consumersadvocates.com
Alexis M. Wood
alexis@consumersadvocates.com
Kas L. Gallucci
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.9006

Daniel G. Shay
danielshay@tcpafdcpa.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

Douglas J. Campion
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax 619.858.0034

*Attorneys for Plaintiff Nanette Hunter*

s/ *Jeffrey S. Goldenberg*
Christian A. Jenkins
Niroshan M. Wijesooriy
MINILLO & JENKINS CO., LPA

2712 Observatory Ave.
Cincinnati, Ohio 45208
Tel: 513.723.1600
Fax: 513.723.1620

Jeffrey S. Goldenberg
Robert B. Sherwood
Todd B. Naylor
GOLDENBERG SCHNEIDER, LPA
One W. Fourth Street, 18th Floor
Cincinnati, Ohio 45202
Tel: 513.345.8291
Fax: 513.345.8294

*Attorneys for Plaintiff Dennis Brown*

*s/ Gary J. Lorch*
David Gutke
dgutke@gordonrees.com
Robert E. Schumacher
rschumacher@gordonrees.com
Gordon & Rees LLP
3770 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Tel: 702.577.9300
Fax: 702.255.2858

Gary J. Lorch
glorch@gordonrees.com
Gordon & Rees LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, California 90071
Tel: 213.576.5000

*Attorneys for Defendant First National Collection Bureau, Inc.*

**IT IS SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

Dated:_____

**CERTIFICATE OF SERVICE**

I, Benjamin H. Richman, an attorney, hereby certify that on June 9, 2014, I served the above and foregoing *Joint Discovery Plan*, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

*s/ Benjamin H. Richman*