1

Jay Edelson
jedelson@edelson.com

2

Rafey S. Balabanian
rbalabanian@edelson.com

3

Benjamin H. Richman
brichman@edelson.com

4

Christopher L. Dore
cdore@edelson.com

5

J. Dominick Larry
nlarry@edelson.com

6

EDELSON PC
350 North LaSalle Street, Suite 1300

7

Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

8

9

Marc P. Cook
cnklawfirm@aol.com

10

BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, Nevada 89101

11

Tel: 702.737.7702

12

[Additional counsel included in signature block.]

13

*Attorneys for Plaintiffs and the Putative Class*

14

**UNITED STATES DISTRICT COURT**

15

**DISTRICT OF NEVADA**

16

IN RE: FIRST NATIONAL COLLECTION

17

BUREAU, INC. TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION

MDL No. 2527

18

THIS DOCUMENT RELATES TO:

Case No. 2:14-CV-557-KJD-CWH
(Base File)

19

ALL CASES

20

**CONSOLIDATED CLASS ACTION COMPLAINT**

21

**AND JURY DEMAND**

22

Plaintiffs Jessica Beell, Claudette Neal, and Nanette Hunter ("Plaintiffs") bring this class

23

action complaint against Defendant First National Collection Bureau, Inc. to stop Defendant's

24

practice of making unsolicited phone calls to the cellular telephones of consumers nationwide, and

25

to obtain redress for all persons injured by its conduct. Plaintiffs, for their consolidated class action

26

complaint, allege as follows upon personal knowledge as to themselves, their own acts and

27

28

experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE ACTION**

1.      Defendant First National Collection Bureau, Inc. is debt collector working in conjunction with major companies such as Verizon.

2.      In its collection efforts, Defendant engages in unlawful and unfair debt collection practices, including harassing borrowers with telephone calls at all hours of the day.

3.      Defendant repeatedly made unsolicited telephone calls to Plaintiffs and the other putative Class members' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4.      Neither Plaintiffs nor the other members of the proposed Class ever provided the cellular telephone numbers on which they received calls to Defendant for any purpose, nor did they give consent to have Defendant make telephone calls to those telephone numbers.

5.      By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless carriers for the receipt of such telephone calls.

6.      The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.  Defendant made these calls despite the fact that neither Plaintiffs, nor the other members of the putative Class, ever provided their cellular telephone numbers to Defendant or any other entity for any purpose related to a debt, and never provided Defendant consent to be called on their cellular telephones.

7.      In response to Defendant's unlawful conduct, Plaintiffs filed the instant lawsuit and seek an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

8.     Plaintiff Jessica Beell is a natural person and citizen of the State of Washington.

9.     Plaintiff Claudette Neal is a natural person and citizen of the State of California.

10.     Plaintiff Nanette Hunter is a natural person and citizen of the State of California.

11.     Defendant First National Collection Bureau, Inc. is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located at 3631 Warren Way, Reno, Nevada 89509. First National Collection Bureau does business throughout the United States and in this District.

**JURISDICTION AND VENUE**

12.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is incorporated under the laws of the State of Nevada and its principal place of business is located in this District.

**COMMON FACTUAL ALLEGATIONS**

14.     Plaintiffs never provided their cellular telephone numbers to Defendant or a third-party debt holder related to the debts at issue, never consented to receive telephone calls related to the debts at issue from Defendant or a third-party debt holder at that number, did not provide their cellular telephone numbers at the time they incurred the debts in question (to the extent they ever actually did incur those debts), and did not provide those telephone numbers to Defendant or a third-party debt holder in any other capacity at the time Plaintiffs allegedly incurred their debts.

15.     Defendant placed and continues to place repeated and harassing phone calls to consumers who allegedly owe a debt held by Defendant, or held by a third party on whose behalf Defendant is acting, and who never provided the number called to Defendant or the third party. Instead, Defendant acquires phone numbers through various means such as "skip tracing" or

1   "number trapping."

2        16.     Defendant has placed calls for the purpose of debt collection to thousands of

3   consumers in the past four years.

4        17.     The calls Plaintiffs received were made using equipment that had the capacity to

5   store or produce telephone numbers to be called using a random or sequential number generator,

6   and to dial such numbers.  Additionally, Defendant's calls utilized interactive voice recognition

7   technology, also known as a predictive dialer, wherein a machine places calls and when a consumer

8   answers the phone there is a noticeable pause prior to being connected to a live representative of

9   Defendant.  This technology dials several numbers simultaneously and connects the call to only

10  those who answer first.

11       18.     Defendant was and is aware that the above described telephone calls were and are

12  being made to consumers without those consumers' prior express consent.

13       19.     None of Defendant's telephone calls placed to Plaintiffs' cellular telephones were for

14  emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

15                      **FACTS SPECIFIC TO EACH PLAINTIFF**

16                                    **JESSICA BEELL**

17       20.     In or around 2002, Plaintiff Beell purchased a cellular telephone from Verizon. The

18  cellular telephone did not work properly and, within one month of her purchase, Plaintiff returned

19  the phone and did not purchase another.

20       21.     In or around 2012, a debt of $1,026 appeared on Beell's credit report from Verizon.

21  This debt incorrectly stems from Plaintiff's 2002 Verizon purchase. Beell does not owe any money

22  to Verizon associated with her purchase of a cellular telephone.

23       22.     Approximately three months after Beell noticed the debt on her credit report, the

24  debt became associated with Pinnacle Credit Services, instead of Verizon.

25       23.     Thereafter, in or around November 2012, Beell received at least five calls from

26  Defendant on her cellular telephone for the purpose of trying to collect the alleged debt.

27

28

**CLAUDETTE NEAL**

24.     Beginning in or around 2012, Defendant contacted Plaintiff Neal on her cellular telephone attempting to collect a debt she had incurred for personal telephone and cable services.

25.     Defendant placed multiple calls a day to Neal's cellular telephone almost daily while attempting to collect this debt.

26.     Neal repeatedly demanded that Defendant stop placing the debt collection calls to her cellular telephone. Despite these demands, Defendant continued to place the calls.

**NANETTE HUNTER**

27.     Beginning no later than February 2013, Defendant began calling Plaintiff Hunter on her cellular telephone attempting to collect a debt.

28.     Defendant placed multiple calls per week to Hunter's cellular telephone, calling Hunter's cellular telephone twenty-one times between May 4, 2013 and June 10, 2013. Such calls were also made by prerecorded voice message.

29.     Defendant would even call multiple times over the span of a single day. On May 29, 2013, Defendant called Hunter's cellular telephone five times.

**CLASS ALLEGATIONS**

30.     Plaintiffs brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a class (the "Class") defined as follows:

> All individuals in the United States who (1) received a telephone call; (2) made by or on behalf of Defendant First National Collection Bureau, Inc.; (3) on a cellular telephone number; (4) that the call recipient did not provide directly to Defendant or a third party lender, creditor, or retailer at the time he or she allegedly incurred the debt underlying the telephone call.

31.     **Numerosity**: The exact number of Class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

32.     **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Class,

in that Plaintiffs and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

33. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)    whether Defendant's conduct constitutes a violation of the TCPA;

(b)    whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

(c)    whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls; and

(d)    whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it

1   would still not be preferable to a class action, because individual litigation would increase the delay

2   and expense to all parties due to the complex legal and factual controversies presented in this

3   Complaint. By contrast, a class action presents far fewer management difficulties and provides the

4   benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

5   Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

6                                          **COUNT I**
                                **Violation of the TCPA, 47 U.S.C. § 227**
7                              **(On behalf of Plaintiffs and the Class)**

8        36.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth

9   herein.

10       37.     Defendant made unsolicited telephone calls to cellular telephone numbers belonging

11  to the Plaintiffs and the other members of the Class without their prior express consent to receive

12  such calls.

13       38.     Defendant made the telephone calls, or had them made on its behalf, using

14  equipment that had the capacity to store or produce telephone numbers to be called using a random

15  or sequential number generator, and to dial such numbers.

16       39.     Defendant and its agents utilized equipment that made, or had made on its behalf, the

17  telephone calls to the Plaintiffs and other members of the Class simultaneously and without human

18  intervention.

19       40.     By making, or having made on its behalf, the unsolicited telephone calls to the

20  Plaintiffs and the Class's cellular telephones without prior express consent, and by utilizing an

21  automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

22       41.     As a result of Defendant's unlawful conduct, Plaintiffs and the members of the Class

23  suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on

24  their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of

25  $500 in damages for each such violation of the TCPA.

26       42.     Should the Court determine that Defendant's conduct was willful and knowing, the

27

28

Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jessica Beell, Claudette Neal, and Nanette Hunter, individually and on behalf of the Class, pray for the following relief:

1.      An order certifying the Class as defined above, appointing Plaintiffs Jessica Beell, Claudette Neal, and Nanette Hunter, as representatives of the Class, and appointing their counsel as Class Counsel;

2.      An award of actual and statutory damages;

3.      An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4.      An award of reasonable attorneys' fees and costs; and

5.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: June 30, 2014

**JESSICA BEELL, CLAUDETTE NEAL,** and **NANETTE HUNTER**, individually and on behalf of all others similarly situated,

By: s/ J. Dominick Larry
One of their Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Christopher L. Dore
cdore@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

Fax: 312.589.6378

Marc P. Cook
cnklawfirm@aol.com
BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, Nevada 89101
Tel: 702.737.7702

*Attorneys for Plaintiff Jessica Beell*

Joshua Swigart
josh@westcoastlitigation.com
HYDE & SWIGART
2221 Camino del Rio Street, Suite 101
San Diego, California 92108
Tel: 619.233.7770
Fax: 619.297.1022

Matthew M. Loker
ml@kazlg.com
KAZEROUNI LAW GROUP, APC
1075 Court St., Suite 207
San Luis Obispo, California 93401
Tel: 800.400.6808 x5
Fax: 800.520.5523

Sayed Abbas Kazerounian
ak@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Tel: 800.400.6808
Fax: 800.620.5523

Todd M. Friedman
tfriedman@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, PC
369 S. Doheny Dr., Suite 415
Beverly Hills, California 90211
Tel: 877.206.4741
Fax: 866.633.0228

*Attorneys for Plaintiff Claudette Neal*

Ronald A. Marron
ron@consumersadvocates.com
Alexis M. Wood
alexis@consumersadvocates.com
Kas L. Gallucci
kas@consumersadvocates.com

LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Douglas J. Campion
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax 619.858.0034

Daniel G. Shay
danielshay@tcpafdcpa.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

*Attorneys for Plaintiff Nanette Hunter*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2014, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


s/ J. Dominick Larry