1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jay Edelson
jdelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Christopher L. Dore
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Marc P. Cook
cnklawfirm@aol.com
BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, Nevada 89101
Tel: 702.737.7702

[Additional counsel included in signature block.]

*Attorneys for Plaintiff Beell and the Putative Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: FIRST NATIONAL COLLECTION BUREAU, INC. TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | MDL No. 2527<br><br>Case No. 2:14-CV-557-KJD-CWH<br>(Base File)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Kent J. Dawson |

Plaintiffs Jessica Beell, Claudette Neal, and Nanette Hunter ("Plaintiffs")  and Defendant First National Collection Bureau, Inc. (collectively the "Parties"), by and through their respective counsel of record, hereby stipulate to the entry of the following proposed Protective Order:

## 1.    PURPOSES AND LIMITATIONS

Disclosures and discovery activity in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protections it affords from public disclosure and use extend only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2.    DEFINITIONS

2.1.    **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    **"CONFIDENTIAL" Information or Items:** information that qualifies for protection under Fed. R. Civ. P. 26(c) or other applicable law, including trade secrets, know-how, proprietary data, marketing information, contracts, financial information, security information, surveillance information and/or similar commercially sensitive business information or data which the Designating Party (as defined below) in good faith believes in fact is confidential or that unprotected disclosures might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available discovery materials, or which would not be known publicly in a compiled form. "CONFIDENTIAL" Information or Items also includes highly personal or sensitive facts and personal identity information to the extent such facts and information are not a matter of public record or in the public domain.

2.3.    **Counsel (without qualifier):** Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4.    **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.5.** **Disclosure or Discovery Material:** all information or items, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, or have previously been produced or generated in disclosures or responses to discovery in any of the underlying actions in this matter, or disclosed during depositions.

**2.6.** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or a consultant in this action.

**2.7.** **In-House Counsel:** attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8.** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not specifically named as a Party to this action as of the date this Order is entered.

**2.9.** **Outside Counsel of Record:** attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party.

**2.10.** **Party:** any Party to this action, including all of its officers and directors.

**2.11.** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12.** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13.** **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.14.** **Receiving Party:** a Party that receives a Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and was under no obligation of confidentiality to the Designating Party at the time said information was obtained. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) entry by the Court of an order of dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing of an appeal or any motions or applications for extension of time pursuant to applicable law.

**5.   DESIGNATING PROTECTED MATERIAL**

**5.1.   Exercise of Restraint and Care in Designating Material for Protection:** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations of confidentiality are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions when and if such sanctions are merited under controlling law.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2.    Manner and Timing of Designations:** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)  for information in documentary form:** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial filings with the Court), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection may be deemed "CONFIDENTIAL" at the discretion of the Producing Party. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

**(b)  for testimony given in deposition or in other pretrial or trial proceedings:**  that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or, before the close of the deposition, hearing, or other

proceeding, the Designating Party may invoke on the record a right to identify protected testimony within 21 days of receiving a transcript of the deposition, hearing, or other proceeding. During the deposition, hearing, or other proceeding and before the designation, all of the testimony shall be deemed "CONFIDENTIAL."

**(c) for information produced in some form other than documentary and for any other tangible items:** that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3.    Inadvertent Failures to Designate:** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. However, no Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as CONFIDENTIAL, even when the failure to so designate was inadvertent and where the material is subsequently designated as CONFIDENTIAL.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1.    Timing of Challenges:** Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party or Non-Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and failure to do so shall not preclude a subsequent challenge thereto at any time during the course of this litigation.

**6.2.    Meet and Confer:** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific

paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3.** **Judicial Intervention:** If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to remove confidentiality within 21 days of the Parties' meet and confer, in the event it is unsuccessful. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous motions, and those made for an improper (e.g., to harass to impose unnecessary expenses and burdens on other Parties) may expose the moving Party to sanctions when and if such sanctions are merited under controlling law. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

# 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1.** **Basic Principles:** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. This Order does not affect or limit the Designating Party's right or ability to handle its own Protected Materials in whatever manner it chooses in connection with use in its business or otherwise, subject only to the potential waiver of any Confidentiality designations.

**7.2.   Disclosure of "CONFIDENTIAL" Information or Items:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Outside Counsel of Record for any other Party to this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclosure the information for this litigation;

(c)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound." (Exhibit A);

(e)   the Court and its personnel;

(f)   Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A),

unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(i)     The three individually named Plaintiffs in this Action (i.e., Beell, Neal and Hunter), with disclosure only to the extent reasonably necessary for the named Plaintiff's participation in the case as determined in good faith by Plaintiff's counsel, provided the named Plaintiff has signed the "Acknowledged and Agreement to Be Bound" (Exhibit A); and

(j)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party or a Designating Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections from the Court.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence of otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order, and (d) request that such person or persons execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that inadvertent disclosure of material, information, or communication covered by the attorney-client privilege, work product doctrine, or other valid privilege or immunity is not, by itself, a waiver of any potential protection in this or any other Federal or State proceeding. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**12.    MISCELLANEOUS**

   **12.1.    Exchange of Previously Produced Documents:** Within twenty-one (21) days of the entry of this Order, Defendant and Plaintiff Beell, Neal, and Hunter shall exchange with each other (by and through their Outside Counsel of Record) any Disclosure or Discovery Material, including Protected Material, produced in any of the respective underlying actions.

   **12.2.    Right to Further Relief:** Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

   **12.3.    No Greater Protection of Specific Documents:** No Party or Non-Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party or Non-Party moves for an order providing such special protection.

   **12.4.    Right to Assert Other Objections:** By stipulation to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

   **12.5.    Filing Protected Material:** Without written permission from the Designating Party or a court order, secured after appropriate notice to all interested persons, a Party may not file in the

public record in this action any Protected Material. A Party that seeks to file under seal any

Protected Material must comply with Civil Local Rule 10-5. Protected Material may only be filed

under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

issue.

**13.     FINAL DISPOSITION**

        Within 60 days after the final disposition of this action, as defined in Section 4 above, upon

the written request of the Designating Party, each Receiving Party must return all Protected

Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected

Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing

or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected Material,.

Any such archival copies that contain or constitute Protected Material remain subject to this

Protective Order as set forth in Section 4.

IT IS SO STIPULATED

**Dated:**                                          **Dated:**

*s/ J. Dominick Larry*                    *s/ Gary J. Lorch*
Jay Edelson                                    David Gutke
jedelson@edelson.com                  dgutke@gordonrees.com
Rafey S. Balabanian                      Robert E. Schumacher
rbalabanian@edelson.com             rschumacher@gordonrees.com
Benjamin H. Richman                   Gordon & Rees LLP
brichman@edelson.com                 3770 Howard Hughes Parkway, Suite 100
Christopher L. Dore                      Las Vegas, Nevada 89169
cdore@edelson.com                       Tel: 702.577.9300
EDELSON PC                               Fax: 702.255.2858
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654                  Gary J. Lorch
Tel: 312.589.6370                         glorch@gordonrees.com
Fax: 312.589.6378                        Gordon & Rees LLP
                                                   633 W. Fifth Street, 52nd Floor
Marc P. Cook                              Los Angeles, California 90071
cnklawfirm@aol.com                   Tel: 213.576.5000

BAILUS COOK & KELESIS, LTD.
517 South 9th Street
Las Vegas, Nevada 89101
Tel: 702.737.7702

*Attorneys for Defendant First National*
*Collection Bureau, Inc.*

*Attorneys for Plaintiff Jessica Beell*

Joshua Swigart
josh@westcoastlitigation.com
HYDE & SWIGART
2221 Camino del Rio Street, Suite 101
San Diego, California 92108
Tel: 619.233.7770
Fax: 619.297.1022

Matthew M. Loker
ml@kazlg.com
KAZEROUNI LAW GROUP, APC
1075 Court St., Suite 207
San Luis Obispo, California 93401
Tel: 800.400.6808 x5
Fax: 800.520.5523

Sayed Abbas Kazerounian
ak@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Tel: 800.400.6808
Fax: 800.620.5523

Todd M. Friedman
tfriedman@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, PC
369 S. Doheny Dr., Suite 415
Beverly Hills, California 90211
Tel: 877.206.4741
Fax: 866.633.0228

*Attorneys for Plaintiff Claudette Neal*

Ronald A. Marron
ron@consumersadvocates.com
Alexis M. Wood
alexis@consumersadvocates.com
Kas L. Gallucci
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.9006

1

Daniel G. Shay
danielshay@tcpafdcpa.com
LAW OFFICE OF DANIEL G. SHAY

2

409 Camino Del Rio South, Suite 101B
San Diego, California 92108

3

Tel: 619.222.7429
Fax: 866.431.3292

4

5

Douglas J. Campion
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC

6

409 Camino Del Rio South, Suite 303
San Diego, California 92108

7

Tel: 619.299.2091
Fax 619.858.0034

8

9

*Attorneys for Plaintiff Nanette Hunter*

10

**IT IS SO ORDERED**

11

12

13

UNITED STATES MAGISTRATE JUDGE

14

Dated: July 7, 2014

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, J. Dominick Larry, an attorney, hereby certify that on July 3, 2014, I served the above and foregoing ***Stipulated Protective Order***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

*s/ J. Dominick Larry*

1092554/2004585\1v.1